# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ATLAS NOBLE, LLC, | ) | CASE NO. 5:13CV1505 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KRIZMAN ENTERPRISES, et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of Beau Croxton ("Croxton") to intervene pursuant to Fed. R. Civ. P. 24(a)(2). (Doc. No. 75 ["Motion"].) All current parties oppose the motion. (Doc. No.79 ["Defs.' Opp'n"]; Doc. No. 80 ["Pl. Opp'n"].) For the reasons discussed herein, the motion is denied.

## I. BACKGROUND

Plaintiff Atlas Noble, LLC ("plaintiff" or "Atlas") filed this action on July 11, 2013, setting forth a single-count breach of contract claim against Krizman Enterprises, Wayne Hammond Enterprises, Inc. and MKE Producing, Inc. (collectively, "defendants") for their alleged failure to release to plaintiff certain earnest money being held in escrow. Defendants filed a three-count counterclaim on September 13, 2013, which they later amended. The dispute relates to the alleged breach of a 2012 Purchase and Sale Agreement ("PSA") between plaintiff and defendants under which plaintiff was to acquire certain mineral rights from defendants, assuming that defendants could first acquire those rights from numerous third parties prior to an agreed-upon deadline. Croxton was one of those third parties. Defendants and Croxton failed to

timely close their separate transaction, and this fact, at least in part, was the basis for the PSA failing to close.

On February 5, 2015, this Court ruled on cross-motions for summary judgment, determining that defendants are entitled to summary judgment on plaintiff's breach of contract claim and on counts I and II of their amended counterclaim. The result of this ruling is that defendants are entitled to have the relevant escrow funds, plus interest, released to them. (*See* Doc. No. 73 [Memorandum Opinion and Order ["MOO"]] at 3280.)

Count III of the amended counterclaim was not addressed by the summary judgment motions, and, although the Court questioned defendants' right to proceed with the claim in light of the summary judgment ruling on the other matters, the claim nonetheless remains for trial, unless otherwise dismissed. (*Id.*)

The Court scheduled a telephone conference with counsel for February 18, 2015 at 1:30 p.m. At 1:18 p.m. on that day, Croxton filed his motion to intervene.

The Court proceeded with the telephone conference, and, upon inquiring of counsel as to the status of the case, learned that plaintiff planned to file a motion for reconsideration and that defendants were still considering their options with respect to counterclaim III. The Court also inquired as to whether there was any interest in discussing resolution of the case, rather than engaging in further proceedings. Upon learning that the parties would be interested, the Court scheduled a mediation conference for March 30, 2015 and extended the deadline for any reconsideration motion to April 17, 2015. Thereafter, the Court patched Croxton's counsel into the call and set a deadline for any opposition to the motion to intervene. The March 30, 2015 mediation conference will proceed as scheduled.

2

**II. DISCUSSION**

Croxton seeks to intervene as of right, under Fed. R. Civ. P. 24(a)(2), on the ground that he "is involved in the transaction that is the subject of the captioned proceedings, and possesses an interest in any proceeds that would be realized by Defendants[.]" (Motion at 3283.) He claims that "[n]o other party in these proceedings has shown any willingness to protect [his] obvious claims." (*Id.* at 3285.) He further asserts that there is "a common question of law or fact in that, to the extent it has or will be determined that Atlas is indebted to [defendants], [he] by virtue of his contract for the lease of a part of the subject oil and gas rights, is entitled to attach those funds." (*Id.* at 3286.) He argues that "intervention would not cause undue delay or prejudice to the parties in this action, as there has been no trial date set by the Court." (*Id.*)

Rule 24(a)(2) provides that a court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect his interest, unless existing parties adequately represent that interest.

The Sixth Circuit Court of Appeals requires a proposed intervenor to satisfy four factors before being entitled to intervene:

(1)  the motion to intervene is timely;

(2)  the proposed intervenor has a substantial legal interest in the subject matter of the case;

(3)  the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and

(4)  the parties already before the court cannot adequately protect the proposed intervenor's interest.

3

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citation omitted). "[F]ailure to satisfy any of the four prongs prevents the applicant from intervening as of right." *Johnson v. City of Memphis*, 73 F. App'x 123, 131 (6th Cir. 2003) (citation omitted).

        Croxton's motion makes no attempt to show how he satisfies any of the four factors, relying entirely on a vague notion of "judicial economy." Both plaintiff and defendants, in opposition to the motion, assert that he fails in all respects to establish a right to intervene and, further, that this Court should not allow permissive intervention under Rule 24 (b).[1] The parties have it right.

        First, no reasonable person would conclude that this motion was timely filed. The question of timeliness is considered with regard to five factors: (1) the procedural posture of the case at the time intervention is sought; (2) the purpose for the intervention; (3) how much time passed after the proposed intervenor knew or reasonably should have known of his interest in the case; (4) any prejudice to the original parties; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000) (citation omitted). This case has been pending since July of 2013 and Croxton was aware of the lawsuit from its inception. In fact, he was twice invited to join, but declined. (Pl. Opp'n at 3328.) He participated in the discovery process and was represented by counsel the entire time; he admitted that he had evaluated his potential claims and made a decision as of July 15, 2014 not to intervene. (*See* Defs.' Opp'n at 3317-18.) The Court has already ruled on summary judgment, and the parties are on the verge of engaging in

---

[1] Although the parties oppose both mandatory and permissive intervention, except for passing mention in his motion of the existence of "a common question of law or fact," one of the grounds for permissive intervention, *see* Fed. R. Civ. P. 24(b)(1)(B), Croxton's motion actually cites and relies upon only Rule 24(a)(2). The Court need not address permissive intervention and, in any event, balancing undue delay and prejudice to the parties, would not permit it under the circumstances – primarily due to Croxton's failure to file a "timely motion," Fed. R. Civ. P. 24(b)(1).

settlement discussions. It is entirely disingenuous for Croxton to argue that there would be no prejudice because no trial date has been set. If the Court were to permit Croxton's very late intervention, the litigation would essentially start over.

Second, even though the Sixth Circuit "ha[s] adopted 'a rather expansive notion of the interest sufficient to invoke intervention of right[,]'" *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)), the "requirement that the proposed intervenor[] possess[es] 'a significant legal interest in the subject matter of the litigation' is not without meaning." *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371-72 (6th Cir. 2014) (citation omitted). "[T]he applicant for intervention 'must have a direct and substantial interest in the litigation,' such that it is a 'real party in interest in the transaction which is the subject of the proceeding.'" *Id.* (quoting *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989); *Providence Baptist Church*, 425 F.3d at 317). Croxton (who is not a party to the PSA) has, at best, only a peripheral interest in this litigation by virtue of the fact that he *may* have an interest in a portion of the *judgment proceeds* that defendants will enjoy as a result of the Court's summary judgment ruling.[2] That, however, remains to be proven, and denial of intervention will in no way prejudice Croxton's ability to pursue any such claim in a different lawsuit.

---

[2] As noted by plaintiff, "[t]he only connection Mr. Croxton has with this action is the fact that he failed to consummate a separate and distinct transaction with the Defendants, which said transaction was a condition precedent to Plaintiff and Defendants closing on their contemplated transaction." (Pl. Opp'n at 3329.) Croxton's claim, if any, arises under a wholly separate contract with defendants Krizman Enterprise and Wayne Hammond Enterprises, Inc.

## III. CONCLUSION

Since Croxton fails to establish the first and second prongs of the four-part test, the Court need not even consider the third and fourth prongs. The motion to intervene filed by Beau Croxton (Doc. No. 75) is **DENIED**.


**IT IS SO ORDERED**.


Dated: March 27, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**