UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATLAS NOBLE, LLC, | ) | CASE NO. 5:13CV1505 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KRIZMAN ENTERPRISES, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is defendants' motion for pre-judgment interest and for costs associated with depositions in this case. (Doc. Nos. 98 & 100.) Plaintiff filed an objection to the motion (Doc. No. 99), and defendants filed a reply (Doc. No. 101). For the reasons set forth herein, the motion is granted, but execution of this order is stayed pending the outcome of the various appeals.

**I. BACKGROUND**

On July 11, 2013, Atlas Noble, LLC ("Atlas") filed a one-count complaint for breach of contract against defendants Krizman Enterprises, Wayne Hammond Enterprises, and MKE Producing, Inc. (collectively, "defendants") for their alleged failure to authorize release to Atlas of a certain escrow account. Defendants counterclaimed, seeking a declaratory judgment that they were entitled to the escrow monies, and alleging two breach of contract claims, one relating to the escrow agreement and the other relating to an underlying Purchase and Sale Agreement ("PSA").

On cross-motions for summary judgment, this Court ruled in defendants' favor on plaintiff's breach of contract claim and on defendants' first two counterclaims. (*See* Memorandum Opinion and Order, Doc. No. 73, Feb. 5, 2015.) Plaintiff then filed two separate motions to alter or amend the February 5, 2015 ruling, both of which the Court denied. (*See*, Memorandum Opinion and Order, Doc. No. 85, July 1, 2015; Memorandum Opinion and Order, Doc. No. 95, November 16, 2015.) In addition, the Court ruled that defendants could not proceed on their third counterclaim (for breach of the PSA) because the escrow monies already awarded to them constituted liquidated damages under that agreement. (*See* Memorandum Opinion and Order, Doc. No. 96, November 16, 2015.)

Final judgment in the amount of $2,411,290.00, plus interest, was awarded in defendants' favor and against plaintiff. (*See* Judgment Entry, Doc. No. 97-1, November 16, 2015.)

All of these rulings have been appealed. (*See* Notice of Appeal, Doc. No. 102, December 15, 2015; Notice of Cross-Appeal, Doc. No. 104, December 21, 2015.)[1]

## II. DISCUSSION

Defendants now move for an order awarding them pre-judgment interest, as well as the costs relating to depositions taken in this case. (Doc. No. 98.) Defendants argue that, as a matter of Ohio law, they are entitled to pre-judgment interest, and that the interest should be at the statutory rate since neither the PSA nor the escrow agreement establishes a "different rate of interest" or prohibits an award of pre-judgment interest. *See Green v. Brothers*, No. 2008 CA 0054, 2009 WL 3491145 (Ohio Ct. App. Oct. 26, 2009), quoting Ohio Rev. Code §§ 1343.03(A) ("when money becomes due and payable upon … all judgments, decrees, and orders of any

---

[1] There is an additional cross-appeal of another order whereby the Court denied leave for Beau Croxton to intervene. (*See* Memorandum Opinion and Order, Doc. No. 81, March 27, 2015; Notice of Cross-Appeal, Doc. No. 106, December 29, 2015.)

judicial tribunal for the payment of money arising out of … a contract …, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest …"). Defendants also argue that 28 U.S.C. § 1920 entitles them, as prevailing parties, to recover $4,219.70 in costs related to several depositions. Defendants filed an affidavit, albeit belatedly, in support of their request for deposition costs. (Doc. No. 100.)

Atlas does not argue that defendants are not entitled to pre-judgment interest at the statutory rate. Rather, its view is that defendants' request is premature because, according to its reading of the parties' agreement (in particular § 3.5 of the Escrow Agreement) in conjunction with the *Green* case relied upon by defendants, pre-judgment interest only begins to accrue when the "amount [at issue] becomes due and payable[,]" which, under § 3.5, requires a "final non-appealable order of [this] court." As for costs, Atlas asserts that defendants failed to submit an affidavit substantiating the costs; however, that has been cured by defendants' belated filing of the affidavit, and Atlas does not argue otherwise.

In reply, defendants assert that Atlas is relying upon the wrong section of the Escrow Agreement. They claim that § 3.5 applies only to situations where there are disagreements between the parties, where the escrow agent may, at its option, retain the escrow property until the agent receives a final non-appealable court order. Defendants claim that § 1.3, dealing with "Disbursements," is the governing section.

The Court concludes that defendants have the correct view. They are entitled to pre-judgment interest, at the statutory rate under Ohio law, from April 3, 2013, when Atlas anticipatorily repudiated (i.e., breached) the PSA (*see* Doc. No. 73 at 3276) until November 16,

2015, the date of judgment. Further, defendants have properly accounted for their claimed deposition costs and are entitled to recover the same under 28 U.S.C. § 1920(2).

### III. CONCLUSION

For the reasons set forth above, defendants' motion for pre-judgment interest and for the costs of depositions (Doc. No. 98) is granted. That said, the Court stays execution of this order pending the final outcome of the cross-appeals.

**IT IS SO ORDERED**.


Dated: March 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**