UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATLAS NOBLE, LLC, | ) | CASE NO. 5:13CV1505 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KRIZMAN ENTERPRISES, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion for stay of proceedings to enforce judgment (Doc. No. 108), defendants' response (Doc. No. 110), and plaintiff's reply (Doc. No. 111). The motion for stay is granted, but only on the condition that Atlas post a supplemental supersedeas bond as set forth herein.

## I. BACKGROUND

On July 11, 2013, Atlas Noble, LLC ("Atlas") filed a one-count complaint for breach of contract against defendants Krizman Enterprises, Wayne Hammond Enterprises, and MKE Producing, Inc. (collectively, "defendants") for their alleged failure to authorize release to Atlas of a certain escrow account. Defendants counterclaimed, seeking a declaratory judgment that they were entitled to the escrow monies, and further alleging two breach of contract claims against Atlas.

On November 16, 2015, following rulings on various motions, including cross-motions for summary judgment, the Court entered final judgment in the amount of $2,411,290.00, plus interest, in defendants' favor and against plaintiff. (*See* Judgment Entry, Doc. No. 97-1.)

Cross-appeals are pending. (*See* Notice of Appeal, Doc. No. 102, December 15, 2015; Notice of Cross-Appeal, Doc. No. 104, December 21, 2015.)[1]

## II. DISCUSSION

Plaintiff now moves, under Fed. R. Civ. P. 62(d), for an order staying proceedings to enforce the final judgment. Plaintiff asserts that, because all parties have appealed, because the amount in the escrow account ($2,408,583.71 as of December 31, 2015) constitutes sufficient security for the judgment (with the shortfall being *de minimis*), and because plaintiff is a viable going concern, no additional security should be required as there is no appreciable risk of defendants' inability to recover the full judgment, plus interest.

Defendants do not oppose the Court's exercise of its discretion to allow the escrow account to serve as a portion of the necessary security for a stay of execution of the judgment. But they argue that this Court should require a supplemental supersedeas bond to secure the shortfall, plus an amount to secure the post-judgment interest for twelve months while the matter is on appeal. Defendants rely on *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 WL 4303743, at *2 (N.D. Ohio Dec. 10, 2007) for the proposition that a full supersedeas bond should almost always be required. *Verhoff* involved a case where the appellant asked that no bond be required, primarily because it was clearly able to satisfy the full judgment, plus interest and costs. The district court noted that ability to pay is but one factor to consider. Even so, it ultimately set the bond at $300,000, an amount nearly $40,000 less than the sum of the judgment plus anticipated costs and attorney fees, and also not accounting for interest that would accrue on the judgment.

---

[1] There is an additional cross-appeal of another order whereby the Court denied leave for Beau Croxton to intervene. (*See* Memorandum Opinion and Order, Doc. No. 81, March 27, 2015; Notice of Cross-Appeal, Doc. No. 106, December 29, 2015.)

In addition to arguing that the escrow account constitutes sufficient security, Atlas asserts that no supplemental bond should be required because defendants themselves have appealed this Court's orders. But federal rules have the force of statute, and there is nothing in the language of Rule 62(d) to suggest that, where the prevailing party has cross-appealed, the bond should be suspended. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 352 (E.D. Mich. 1998). Finally, Atlas argues that, since it has the ability to pay the judgment and the shortfall is relatively small, "the cost of the bond would be a waste of money." (Doc. No. 108 at 3896, quoting *Arban v. West Publ. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).)

"[C]ourts generally hold a full supersedeas bond should be required 'and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances.'" *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, 5:08-cv-1342, 2012 WL 369454, at *3 (N.D. Ohio Feb. 3, 2012) (citing and quoting *Johnson v. Conn. Gen. Life Ins. Co.*, No. 5:07-cv-167, 2008 WL 918459, at *1 (N.D. Ohio Apr. 1, 2008)). "The burden [is] on the movant to demonstrate the extraordinary circumstances required for a departure from the bond requirement[.]" *Physicians Ins. Capital, LLC v. Praesidium Alliance Grp., LLC*, No. 4:12CV1789, 2013 WL 5232817, at *2 (N.D. Ohio Sept. 16, 2013) (internal quotation marks and citation omitted).

The Court concludes that defendants generally have the better view and that plaintiff has failed to meet its burden to show extraordinary circumstances.

Therefore, in order to obtain a stay of enforcement proceedings, Atlas must post a supplemental supersedeas bond equal to the shortfall between the amount in the escrow account

at the time of posting and the amount of the judgment, plus the amount of pre-judgment interest, plus twelve (12) months of post-judgment interest, plus the $4,219.70 in costs awarded.[2]

### III. CONCLUSION

Plaintiff's motion for stay of proceedings to enforce judgment (Doc. No. 108) is granted, provided plaintiff post the supersedeas bond described above.

**IT IS SO ORDERED**.

Dated: March 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] By separate order, the Court granted defendants' motion for pre-judgment interest and deposition costs (Doc. No. 98), but also stayed execution of that order.